948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis W. BECK, Defendant-Appellant.
 No. 90-3781.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 29, 1991.*
Decided Nov. 8, 1991.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Dennis Beck pled guilty to possession of cocaine, in violation of 21 U.S.C. § 841(a)(1), and was sentenced under the Sentencing Guidelines to a term of sixty-three months in prison. He appeals his sentence, contending that the district court erred in computing his base offense level at 24. The district judge arrived at this level on the basis of testimony of Tuana and Mark McNeill that they bought cocaine from Beck in 1/4 gram quantities at $20 per 1/4 gram, and that they spent around $30,000 on cocaine over the course of several years. The district judge found that the $30,000 represented 375 grams of cocaine, added this figure to the 42.5 grams of cocaine seized during a search of Beck's business, and came up with a total of 417.5 grams of cocaine, placing Beck at a base sentencing level of 24, the level for offenses involving more than 400 grams of cocaine.
 
 
 2
 Beck contends that the McNeills' testimony was too unreliable for the district judge to consider, because both Tuana and Mark had a history of drug abuse, cocaine made Mark lose his memory, and because the $30,000 the couple said they spent on cocaine was just a guess and not an exact amount. We disagree with this contention, and note that " 'so long as the information which the sentencing judge considers has sufficient indicia of reliability to support its probable accuracy, the information may properly be taken into account in passing sentence.' " United States v. Miller, 891 F.2d 1265, 1270 (7th Cir.1989) (quoting United States v. Marshall, 519 F.Supp. 751, 754 (D.Wis.1981), aff'd, 719 F.2d 887 (7th Cir.1983)); see Sentencing Guideline § 6A1.3. Our review of the record reveals that the McNeills' testimony was sufficiently reliable to support the finding that the amount of cocaine involved in this case went beyond the 400-gram level, and Beck presented no evidence to rebut this testimony. Given the superior capacity of the district judge to assess the McNeills' credibility, we cannot say that his factual finding was clearly erroneous. See id.; see also United States v. Barnett, No. 90-2868, slip op. at 3 (7th Cir. July 31, 1991) (citing United States v. Hassan, 927 F.2d 303, 309 (7th Cir.1991)). The judgment of the district judge is accordingly
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record